MOSELEY BIEHL TSUGAWA LAU & MUZZI
A HAWAII LIMITED LIABILITY LAW COMPANY

CHRISTOPHER J. MUZZI (6939)
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, HI 96813
Telephone: (808) 531-0490
Email: cmuzzi@hilaw.us

Attorney for Interested Party
SAMUEL L. BURCHETTE

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>LIN POLING,<br><br>Debtor | Case No. 08-01445 RJF<br>(Chapter 7)<br>(Converted)<br>(Honorable Robert J. Faris)<br><br>Hearing:<br>Date: June 16, 2010<br>Time: 9:30 a.m.<br>Judge: Robert J. Faris<br><br>Relates to Docket Nos. 261 & 268 |

## STIPULATED AMENDED ORDER GRANTING TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT; EXHIBIT "A"

Chapter 7 Trustee David C. Farmer, Debtor Lin Poling; Julie Test; Samuel Burchette; and creditor Jack Roose (together, the "Parties") through their undersigned attorneys have stipulated and agreed that the

Order Granting Trustee's Motion for Order Approving Settlement should be amended for the reasons and on the terms and conditions set forth below:

RECITALS:

A. On May 13, 2010, David C. Farmer, the Trustee of the above-entitled estate (the "Trustee") filed his Motion For Order Approving Settlement (the "Motion").

B. In the Motion, the Trustee sought approval of an agreement (the "Settlement Agreement") resolving an adversary proceeding entitled *David C. Farmer, Trustee v. Poling, et al.*, Adv. Proc. No. 09-90061 (the "Adversary Proceeding").

C. On June 21, 2010, the Court entered its Order Granting Trustee's Motion for Order Approving Settlement; Exhibit "A" (the "Order Approving Settlement Agreement").

D. Both the Settlement Agreement and the Order Approving Settlement Agreement contemplated the Trustee making payments into a pending escrow within fifteen days of the entry of the Order Approving Settlement Agreement.

E. Both the Settlement Agreement and the Order Approving Settlement Agreement contemplated the payment by the Trustee of amounts identified in the Settlement Agreement, plus any additional

amounts that accrue until closing of the exchange of property as contemplated by the Swap Order filed on May 20, 2009 (Docket No. 144) (the "Closing").

F. , Closing has not yet occurred.

G. Parties expect that Closing will occur shortly after entry of this stipulated amended order.

**THE PARTIES STIPULATE AND ITS IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The authority GRANTED by the Order Approving Settlement is hereby clarified, supplemented and/or modified pursuant to the terms contained herein.

2. To the extent that there is a conflict between the Settlement Agreement and this Order, the terms of this Order shall control.

3. The Trustee is authorized to complete the acts contemplated by the Settlement Agreement, including, but not limited to, payment to Title Guaranty, by the method of the Trustee's choosing, of the amounts necessary to effectuate performance of the Swap Agreement, plus any additional accrued amounts until Closing, to complete the exchange of

50058/68399
3

U.S. Bankruptcy Court - Hawaii   #08-01445   Dkt # 278   Filed 12/08/10   Page 3 of 13

property as contemplated by the Swap Order filed on May 20, 2009 (Docket No. 144).



/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: December 8, 2010

STIPULATED AND AGREED TO:


/s/ James A. Wagner
JAMES A. WAGNER
Counsel for Debtor Lin Poling


/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Counsel for the Chapter 7 Trustee


/s/ Ted N. Pettit
TED N. PETTIT
Counsel for Julie Test


/s/ Bradley R. Tamm
BRADLEY R. TAMM
Attorney for Creditor Jack R. Roose


/s/ Christopher J. Muzzi
CHRISTOPHER J. MUZZI
Counsel for Samuel Burchette


*In re Poling*, Bk. No. 08-01445, STIPULATED AMENDED ORDER GRANTING TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT; EXHIBIT "A"

# Exhibit A

U.S. Bankruptcy Court - Hawaii   #08-01445   Dkt # 278   Filed  12/08/10   Page 5 of 13

# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** entered into, as of April ___, 2010, by DAVID C. FARMER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF LIN POLING (the "TRUSTEE"); SAMUEL L. BURCHETTE ("BURCHETTE"); LIN POLING, individually and a general partner of NAM CO FAMILY LIMITED PARTNERSHIP, a Nevada Limited Partnership, aka NAM CO LIMITED PARTNERSHIP dba ALLIANCE GROUP, a Hawaii Foreign Limited Partnership ("LIN"); JESSICA L. POLING ("JESSICA"); AMBER M. POLING ("AMBER"); ASHLEY J. POLING ("ASHLEY"); and JULIE TEST aka JULIE TESTE ("TEST") (collectively, the "Parties") resolves all claims in Adversary Proceeding No. 09-90061 (the "Adversary Proceeding") pending in the United States Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court").

**WHEREAS**, LIN POLING is a debtor in a chapter 7 case pending in this district as Case No. 08-01445 (the "Main Case");

**WHEREAS**, on May 20, 2009, the Bankruptcy Court entered its Order Approving Consummation of Agreement for Exchange of Real Property in Hawaii and Granting Related Relief (Docket No. 144) in the Main Case, which authorized the conclusion of the transfer of title in (i) 98-276 Ualo Street Apt. L-5, Aiea, Hawaii, TMK 1-9-8-039-004 CPR 053 from Nam Co to BURCHETTE; and (ii) 98-267 Kaonohi Street Apt. J-3, Aiea, Hawaii, TMK 1-9-8-039-004 CPR 043 from BURCHETTE to Nam Co;

**WHEREAS,** on February 19, 2010, the TRUSTEE filed a First Amended Complaint in Adv. Pro. No. 09-90061 (the "Adversary") against BURCHETTE, LIN, JESSICA; AMBER; ASHLEY; and TEST (collectively, "DEFENDANTS") seeking to obtain a judgment authorizing the TRUSTEE to, among other things, (i) sell interests of the Estate and any co-owners free and clear of their interest with any interest attaching to the proceeds of sale; and (ii) require performance of the Swap Agreement to complete the exchange of property as contemplated by the Swap Order or grant the Trustee authority to complete the exchange (the "Complaint");

50058/1/71583

**WHEREAS**, DEFENDANTS intend to file cross-claims in the Adversary and expect that the resolution of such claims would cause the Parties to expend significant time and money;

**WHEREAS**, to avoid the costs, delay and uncertainty inherent in litigation and to facilitate the closing of the Main Case and payment to creditors in what now appears to be a surplus estate, the Parties have agreed to settle the Adversary Proceeding on the terms set forth herein.

**NOW, THEREFORE, THE PARTIES AGREE THAT TERMS AND CONDITIONS OF THE SETTLEMENT AGREEMENT ARE AS SET FORTH HEREINAFTER:**

1. **CONSIDERATION**

    The Parties agree that the consideration set forth in this Settlement Agreement was mutually agreed to and adequate as set forth in the following paragraphs.

2. **SETTLEMENT SUM**

    The TRUSTEE shall cause to be paid to Title Guaranty within fifteen (15) calendar days after the entry of an order approving this Agreement the following amounts necessary to effectuate performance of the Swap Agreement to complete the exchange of property as contemplated by the Swap Order:

    - AOAO fees related to Unit J-3 in the amount of $3,429.36 plus any amounts that accrue until closing.

    - KSBE Lease rent related to Unit J-3 due March 1, 2010 in the amount of $1,780.50 plus any amounts that accrue until closing.

    - Real Property taxes related to Unit J-3 due February 22, 2010 in the amount of $761.46 plus any amounts that accrue until closing.

    - $1,780.50 for KSBE Lease rent related to Unit J-3 paid by Burchette in August 2009.

    - $761.46 Real Property Taxes related to Unit J-3 paid by Burchette in August 2009.

    - $229 Insurance related to Unit J-3 paid by Burchette in 2009.

    - Closing costs allocable to Namco.

50058/1/71583

3. **EXECUTION OF DOCUMENTS TO EFFECTUATE PERFORMANCE OF SWAP AGREEMENT**

The Parties shall deliver to escrow executed copies of all documents required by escrow to effectuate performance of the Swap Agreement within five (5) business days of receiving such documents, which documents shall be held by escrow in accordance with instructions from BURCHETTE, LIN and TEST.

4. **MUTUAL RELEASES**

Provided that the payment of the Settlement Sum is timely and complete and the exchange of the properties as contemplated by the Swap Order occurs, BURCHETTE and his representatives, agents, and attorneys, on the one part and LIN, JESSICA; AMBER; ASHLEY; and TEST and their representatives, agents, and attorneys on the other part, each releases the other(s) for all claims that could have been brought in the Adversary Proceeding, including but not limited to any and all claims, demands, causes of action, obligations, damages, losses, attorneys' fees and costs, and liabilities of any kind, whether known or unknown, arising out of any of the aforementioned actions. This Agreement, and the releases contained herein, are without prejudice to the Proof of Claim filed by Julie Ann Test, Claim No. 11 filed August 19, 2009, in the amount of $502,618.40 and any and all other claims which TEST may have against the bankruptcy estate in the Main Case or Lin, all of which claims are expressly reserved by TEST.

5. **DISMISSAL OF ADVERSARY PROCEEDING**

Provided that the payment of the Settlement Sum is timely and completely paid and the exchange of properties as contemplated by the Swap Order occurs, the TRUSTEE shall dismiss the Adversary Proceeding without prejudice.

6. **ATTORNEYS' FEES AND COSTS**

Each party shall bear their own attorneys' fees and costs with respect to the Adversary Proceeding.

7. **BANKRUPTCY COURT APPROVAL**

The effectiveness of this Settlement Agreement is contingent upon the Bankruptcy Court's approval.

50058/1/71583

8. **GOVERNING LAW**

This Agreement shall be subject to the jurisdiction of the Bankruptcy Court and subject to the laws of the State of Hawaii.

9. **ENTIRE AGREEMENT**

This Settlement Agreement contains the entire agreement between the Parties with respect to the matters set forth herein.

10. **COUNTERPARTS.**

This Settlement Agreement may be executed in multiple counterparts, or with detachable signature pages, which together shall constitute the original hereof. The Parties agree that the signatures of the Parties exchanged by facsimile transmission, or other electronic means, shall be binding to the same extent, and have the same force and effect, as the exchange of original signatures.

11. The Parties agree that the United States Bankruptcy Court for the District of Hawaii will retain jurisdiction over this Settlement Agreement.

AGREED AND ACCEPTED:

_____  
DAVID C. FARMER, TRUSTEE

_____  
SAMUEL L. BURCHETTE

_____  
LIN POLING, individually and a general partner of NAM CO FAMILY LIMITED PARTNERSHIP, a Nevada Limited Partnership, aka NAM CO LIMITED PARTNERSHIP dba ALLIANCE GROUP, a Hawaii Foreign Limited Partnership

_____  
JESSICA L. POLING

50058/1/71583

_____  _____
**AMBER M. POLING**        **ASHLEY J. POLING**


_____
**JULIE A. TEST**


**APPROVED AS TO FORM:**

_____  _____
Timothy J. Hogan          Christopher Muzzi,
Attorney for              Attorney for
DAVID C. FARMER, TRUSTEE  SAMUEL L. BURCHETTE


_____
**James A. Wagner**
**Attorney for LIN POLING,** individually
and a general partner of NAM CO
FAMILY LIMITED PARTNERSHIP, a
Nevada Limited Partnership, aka NAM
CO LIMITED PARTNERSHIP dba
ALLIANCE GROUP, a Hawaii Foreign
Limited Partnership; **JESSICA L.**
**POLING; AMBER M. POLING;**
**ASHLEY J. POLING**


_____
**Ted Pettit**
**Attorney for JULIE TEST**


50058/1/71583

8. **GOVERNING LAW**

This Agreement shall be subject to the jurisdiction of the Bankruptcy Court and subject to the laws of the State of Hawaii.

9. **ENTIRE AGREEMENT**

This Settlement Agreement contains the entire agreement between the Parties with respect to the matters set forth herein.

10. **COUNTERPARTS.**

This Settlement Agreement may be executed in multiple counterparts, or with detachable signature pages, which together shall constitute the original hereof. The Parties agree that the signatures of the Parties exchanged by facsimile transmission, or other electronic means, shall be binding to the same extent, and have the same force and effect, as the exchange of original signatures.

11. The Parties agree that the United States Bankruptcy Court for the District of Hawaii will retain jurisdiction over this Settlement Agreement.

**AGREED AND ACCEPTED:**

_____
**DAVID C. FARMER, TRUSTEE**

_____
LIN POLING, individually and a general partner of NAM CO FAMILY LIMITED PARTNERSHIP, a Nevada Limited Partnership, aka NAM CO LIMITED PARTNERSHIP dba ALLIANCE GROUP, a Hawaii Foreign Limited Partnership

_____
**SAMUEL L. BURCHETTE**

_____
JESSICA L. POLING

50058/1/71583

U.S. Bankruptcy Court - Hawaii #08-01445 Dkt # 278 Filed 12/08/10 Page 11 of 13

_____  _____
AMBER M. POLING              ASHLEY J. POLING


_____
JULIE A. TEST


APPROVED AS TO FORM:

_____  _____
Timothy J. Hogan             Christopher Muzzi,
Attorney for                 Attorney for
DAVID C. FARMER, TRUSTEE     SAMUEL L. BURCHETTE


_____
James A. Wagner
Attorney for LIN POLING, individually and a general partner of NAM CO FAMILY LIMITED PARTNERSHIP, a Nevada Limited Partnership, aka NAM CO LIMITED PARTNERSHIP dba ALLIANCE GROUP, a Hawaii Foreign Limited Partnership; JESSICA L. POLING; AMBER M. POLING; ASHLEY J. POLING


_____
Ted Pettit
Attorney for JULIE TEST


50058/1/71583

_____  _____
AMBER M. POLING            ASHLEY J. POLING

_____
JULIE A. TEST

APPROVED AS TO FORM:


_____        _____
Timothy J. Hogan                 Christopher Muzzi,
Attorney for                     Attorney for
DAVID C. FARMER, TRUSTEE         SAMUEL L. BURCHETTE


_____
James A. Wagner
Attorney for LIN POLING, individually
and a general partner of NAM CO
FAMILY LIMITED PARTNERSHIP, a
Nevada Limited Partnership, aka NAM
CO LIMITED PARTNERSHIP dba
ALLIANCE GROUP, a Hawaii Foreign
Limited Partnership; JESSICA L.
POLING; AMBER M. POLING;
ASHLEY J. POLING


_____
Ted Pettit
Attorney for JULIE TEST


50058/1/71583